IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRESIDENTIAL CANDIDATE NUMBER P60005535 ALSO KNOWN AS RONALD SATISH EMRIT AND PRESIDENTIAL COMMITTEE/POLITICAL ACTION COMMITTEE/SEPARATE SEGREGATED FUND NUMBER C00569897 DOING BUSINESS AS UNITED EMRITS OF AMERICA,<br><br>    Plaintiffs,<br><br>vs.<br><br>US PATENT AND TRADEMARK OFFICE et al.,<br><br>    Defendants. | Case No. 25-cv-721-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiffs, Presidential Candidate Number P60005535 also known as Ronald Satish Emrit and Presidential Committee/Political Action Committee/Separate Segregated Fund Number C00569897 doing business as United Emrits of America ("Presidential Committee"), proceeding *pro se*, bring two causes of action against Defendants: "Count I: Tortious Interference with Contract" and "Count II: Tortious Interference with Business Relations[.]" (Doc. 3, pgs. 10-11). Although not entirely clear, Plaintiffs appear to be contending that Defendants have somehow wrongfully prevented them from obtaining a patent for theories Mr. Emrit claims to have developed relating to "quantum mechanics, special relativity, general relativity, and astrophysics." (Doc. 3, pg. 5).

Plaintiffs have also filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. 4). Because Plaintiffs seek IFP status, the Complaint is subject to review under 28 U.S.C. § 1915(a)(1).

## I. Legal Standard

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiffs have done so in this case. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the Complaint filed by an IFP plaintiff (those filed by prisoners and non-prisoners alike).

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to proceed IFP, a district court should inquire into the merits of the plaintiff's claims, and if the court finds that the case lacks merit under the criteria listed in § 1915(e)(2)(B), it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

## II.   Discussion

Plaintiff Ronald Satish Emrit, who sometimes styles himself as "Presidential Candidate Number P60005535," is a prolific serial filer who has initiated hundreds of federal lawsuits in district courts across the United States on behalf of himself and, at times, Co-Plaintiff Presidential Committee. *See e.g.*, *Emrit v. Combs*, 2024 WL 199548, at *1 n.1 (E.D. Pa. Jan. 18, 2024)*("plaintiff is a frequent flyer in the federal courts and has filed hundreds of frivolous lawsuits to date."); *Emrit v. Universal Music Grp.*, No. 3:19-CV-05984-BHS, 2019 WL 6251365 at *1, 2019 U.S. Dist. LEXIS 204613 at *3 (W.D. Wash. Nov. 4, 2019) (collecting cases); *Emrit v. Combs*, No. 1:24-cv-129, 2024 WL 1115450 at *1, 2024 U.S. Dist. LEXIS 44998 at *1 (W.D. Mich. Mar. 14, 2024) (Emrit has filed "hundreds of frivolous legal actions" over the last ten years). The overwhelming majority of these actions have been dismissed *sua sponte* upon § 1915(e)(2) screening as frivolous, for lack of subject-matter jurisdiction, for improper venue, or for failure to state a claim. *See* e.g., *Emrit v. Bd. of Immigr. Appeals*, No. 2:22-CV-00110, 2022 WL 4287659 (S.D.W. Va. Mar. 31, 2022), report and recommendation adopted, No. 2:22-CV-00110, 2022 WL 3594518 (S.D.W. Va. Aug. 23, 2022); *Presidential Candidate No. P60005535 v. United States Pat. & Trademark Off.*, No. 1:25-CV-170-HAB, 2025 WL 1255799 (N.D. Ind. Apr. 29, 2025). Mr. Emrit has been declared a vexatious litigant and subjected to warnings, sanctions, and/or filing restrictions in numerous districts, including but not limited to the District of Arizona, the Western District of Texas, the District of Nevada, the Eastern District of Virginia, the District of Rhode Island, the Middle District of Florida, the District of Minnesota, and the Northern District of Texas. *Id.* Despite repeated warnings, sanctions,

and detailed explanations from courts nationwide about the legal deficiencies in his pleadings, Mr. Emrit has continued to file substantially identical or recycled complaints, thereby abusing the *in forma pauperis* privilege and burdening the federal judiciary with meritless litigation. *See* e.g., *Id.*

The Complaint presently before the Court is identical to the one filed by Mr. Emrit in *Presidential Candidate No. P60005535 v. United States Pat. & Trademark Off.*, No. 1:25-CV-170-HAB, 2025 WL 1255799 (N.D. Ind. Apr. 29, 2025) asserting the same purported invention related to quantum mechanics, astrophysics, general and special relativity, and associated tortious-interference claims. The Northern District of Indiana recently screened that identical complaint, denied leave to proceed *in forma pauperis*, and dismissed the action after concluding that it was frivolous, failed to invoke federal subject-matter jurisdiction, and failed to establish diversity jurisdiction. Other districts that have received the same or similar pleadings have reached the same conclusion. *See* e.g., *Emrit v. USPTO*, 25-cv-00720, ECF No. 3 (E.D. La. Apr. 17, 2025) (dismissing the same complaint brought in that district and discussing the lack of any viable allegations).[1]

Upon review of the Complaint, the Court finds that Plaintiffs have failed to state any plausible claim arising under federal law and have alleged no basis for the exercise of federal jurisdiction over any state-law claims. To the extent Plaintiffs attempt to assert federal claims, those claims are frivolous because they lack an arguable basis in either law

---

[1] These prior dismissals may have *res judicata* effect on Plaintiffs' *in forma pauperis* filing in the instant case, providing another basis for dismissal. *See Denton v. Hernandez*, 504 U.S. 25, 34, 112 S. Ct. 1728, 1734, 118 L. Ed. 2d 340 (1992).

or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Plaintiffs seek, among other things, the immediate issuance of patents and the mandatory adoption of Mr. Emrit's theories concerning quantum mechanics, general and special relativity, and astrophysics. As stated in the Complaint, however, these theories are unsupported by mathematical proof or the established principles of any recognized scientific discipline. No federal statute or constitutional provision authorizes such extraordinary relief or provides a private right of action for the violations Plaintiffs allege. To the extent Plaintiffs attempt to assert state-law claims, the Complaint fails to establish diversity jurisdiction under 28 U.S.C. § 1332 because it does not adequately allege the citizenship of any party and the amount in controversy is neither pleaded nor plausibly inferable. No other ground for federal subject-matter jurisdiction appears on the face of the Complaint.

Accordingly, Plaintiffs' motion for leave to proceed *in forma pauperis* will be **DENIED**, and the complaint will be **DISMISSED**. The Court further cautions Mr. Emrit that continued filing of frivolous or duplicative actions in this district may result in the imposition of monetary sanctions and/or a sanction restricting his ability to file new cases without prior judicial approval. *See Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases); *see also Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) ("District courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct

which abuses the judicial process.' ") (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, (2017) (internal citations omitted)).

## III.   Conclusion

For the aforementioned reasons, the Complaint is **DISMISSED** for lack of jurisdiction. The Court **DIRECTS** the Clerk to close the case and to enter judgment accordingly.

**SO ORDERED.**

**Dated: December 8, 2025**

**DAVID W. DUGAN**
**United States District Judge**